## International Land Company v. W. B. Parmer et al.

Decided December 1, 1909.

**1.—Contract—Fraud—Written Instrument—Parol Evidence.**

In defense of an action to recover on a contract to pay 50 cents for each acre in a tract of land belonging to plaintiff if defendant did not sell same for plaintiff within a time and for a price named, defendant could plead and prove that the same was procured by fraud in that he was induced to make the contract by a promise of plaintiff to extend the time of payment on a note secured by mortgage, which defendant owed him, which promise formed a part of the consideration of the contract sued on, was made without intention of keeping it, and was violated to the damage of defendant in the amount of the attorney's fees provided for by the note, which he was thereby compelled to pay in a suit on the note and foreclosure. Parol proof of such additional consideration could be received though the contract sued on was in writing.

**2.—Duress—Evidence.**

On the issue presented by a plea that the contract sued on was obtained by duress—the threat of a criminal prosecution for swindling—defendant should have been permitted to testify that he would not have signed the contract but for such threat. Whether he was so induced to sign, was the issue, and his testimony as to what induced him was admissible.

Appeal from the District Court of Deaf Smith County. Tried below before J. W. Crudgington, Special Judge.

*Jno. C. North* and *Carl Gilliland,* for appellant.—Parker's testimony as to what induced him to sign the contract was admissible. First National Bank v. Sargeant, 59 L. R. A., 296; Morrison v. Fulkner, 80 Texas, 128; Wells v. Barnett, 7 Texas, 584.

*Knight & Staton,* for appellees.—An additional agreement or promise can not be imported into a written agreement by parol. Rapid Transit R. Co. v. Smith, 98 Texas, 553.

To ask a witness what he would have done under a different state of facts is to ask for the conclusion and opinion of the witness. Gulf, W. T. & P. Ry. Co. v. Witnebert, 104 S. W., 425.

The defendants' testimony utterly failed to show that the contract sued on was entered into by them, either under duress of property or duress of person, and therefore the court did not err in instructing a verdict for the plaintiffs. Allen v. Parker, 33 Texas Civ. App.,

206; Alexander v. Trufant Commission Co., 34 S. W., 182; Sanborn v. Bush, 41 Texas Civ. App., 24; Silliman v. United States, U. S. Sup. Ct., Lawyers' Ed., Book 25, page 987; French v. Shoemaker, U. S. Sup. Ct., Lawyers' Ed., Book 20, page 854; Atkinson v. Allen, 17 C. C. A., 570; 9 Cyc., page 448.

FISHER, CHIEF JUSTICE.—This is a suit by appellees to recover of appellant the sum of fifty cents per acre on about 5100 acres of land, alleged to be due the appellees on a certain written contract entered into by appellees and appellant on the 4th day of October, 1907. The stipulation sued upon is to the effect that appellant agreed to pay appellees fifty cents an acre for the privilege of being allowed to sell their land within a certain time at a certain price.

Appellant for answer pleaded a general demurrer, general denial, failure of consideration, fraud, duress and a cross-action for damages. In the court below a verdict was instructed in appellees' favor for the sum of $2616, for which amount judgment was rendered.

At the outset we desire to say that those assignments of errors which are not specially discussed are overruled. We have examined into the questions they present and conclude they show no reversible error.

The fourth and fifth subdivisions of defendant's answer, considered together, are substantially to the effect that plaintiff procured the execution of the contract on which this suit is based by the representation and promise made to defendant that if it would sign and execute the contract he would procure for defendants an extension of sixty days' time on a note then due by defendant to a certain bank, of which the plaintiff Parker was president and manager, and that this promise influenced the defendant to execute the contract; that the promise was falsely and fraudulently made by plaintiff for the purpose of inducing the defendant to execute the contract, he at the time intending not to perform it; that this promise was not embraced in the written contract, but was the basis for it; that plaintiff did not perform this agreement or observe the promise, in that before the sixty days had expired he caused the bank to place the note in the hands of an attorney for collection, thereby causing the defendant the expense and liability for attorney's fees, which were provided for by the note if placed in the hands of an attorney after maturity for collection, which attorney's fees are alleged to be $500, which amount is stated to be a reasonable sum. By reason of this the defendant claims it has sustained damages in the sum of $500, for which it alleged the plaintiff was liable, by reason of the fraud pleaded, and for which damages it sues. The court sustained special demurrers to these allegations, which ruling is made the basis of appellant's first, second, third, fourth, fifth and sixth assignments of error. The facts pleaded, if true, present a case of fraud for which the injured party is entitled to the appropriate relief. How far this may extend depends upon the prayer for relief and the evidence introduced in support of the issue. This is a question at present with which we have no concern, as it will be doubtless properly considered and disposed of by the trial court upon another trial.

The question before us is whether the court below erred in sustaining the demurrers, and if the count for damages presented an item to be considered as arising from a breach of the promise, and as a result of the fraud so alleged. An affirmative answer must be given to both of these questions. In determining the effect of a promise falsely made, with the present intention not to perform, in order to secure the execution of a contract, reference is made to the recent case of Beaumont Carriage Co. v. Price & Johnson, 104 S. W., 499, and cases there cited. Of course, it is conceded that in cases of this class, like all other cases of the fraudulent procurement of contracts, the facts constituting the fraud may be shown to defeat it or restrict its operation, independent of recitals contained in the written instrument. The court erred in sustaining these demurrers.

This brings us to a question suggested by the record, but which is not distinctly preserved by an assignment of errors carried into appellant's brief, but as the case will be reversed, and as it might arise upon another trial, we deem it proper to notice it. The appellant, in addition to the pleas just disposed of, pleaded that while the written contract declared upon by the plaintiff did not embrace the promise to extend the payment of the bank note for sixty days as a part of the consideration for such contract, nevertheless, such promise was so made by plaintiff and constituted the consideration, in part or in whole, for the execution by appellant of the contract. A breach of this parol agreement was alleged and a special demurrer was sustained to this subdivision of the answer, and the question arises whether parol evidence was admissible to engraft upon the written agreement this additional consideration. In the absence of fraud or mistake, the general rule is that parol evidence is not admissible to change or vary the terms or legal effect of a written agreement, subject, however, to the exception, among others, that an additional consideration may be shown (Taylor v. Morrell, 64 Texas, 495; House v. Holland, 42 Texas Civ. App., 503-4; Schneider v. Saunders, 26 Texas Civ. App., 173; Womack v. Wamble, 7 Texas Civ. App., 273; Cummings v. Moore, 27 Texas Civ. App., 557; Martin v. Rotan Grocery Co., 66 S. W., 212, writ of error refused; Johnson v. Elmer, 24 Texas Civ. App., 45; s. c., 94 Texas, 173; New York Life Ins. Co. v. Thomas, 104 S. W., 1074), unless that consideration is contractual or falls within the rule recognized and explained in the following cases: Coverdill v. Seymour, 94 Texas, 8; Boone v. Mierow, 33 Texas Civ. App., 295; Texas & Pacific Coal Co. v. Lawson, 10 Texas Civ. App., 491, and Rapid Transit R. Co. v. Smith, 12 Texas Ct. Rep., 600, and other cases of similar nature. The written contract in this instance provides that appellant, for the privilege granted by appellees of selling their lands within a certain time for a certain sum, shall pay to appellees the sum of fifty cents per acre, which covenant appellees base their suit upon, and which is alleged to have been breached by appellant. For the liability incurred by the promise of appellant to pay appellee fifty cents per acre for the privilege of selling his land, the contract in effect provides that it is to receive a part or all over the amount the land may be sold for above the sum mentioned in the written instrument. The

plea merely adds an additional consideration to the written instrument. It does not contradict any of its terms, or provide for anything inconsistent with what is expressly stipulated. Coverdill v. Seymour, supra. Nor do the recitals relating to the consideration coming from the appellees indicate that as to that subject the matter was entirely contractual and intended to embrace all that was agreed to. Boone v. Mierow and Coal Co. v. Lawson, supra. In our opinion this subject falls within that class of cases cited which admit parol evidence to establish an additional consideration. The instances given in these cases in which such evidence was admitted and the reasons stated will be found applicable here. Therefore, we suggest that if this plea should be renewed upon another trial it would not be subject to the objection just discussed. As to what relief should be accorded to a party urging such a defense is not a question to be now determined, as it is to be assumed that the trial court will, if the plea is established, extend such relief as the prayer will allow, consistent with the facts proven.

The trial court also committed error in refusing to permit the witness John U. May to testify that he would not have let the contract be signed but for the threats and promises set out in defendant's answer, and in refusing to permit said witness to state whether he would have signed the contract or permitted it to have been signed but for the statement made by Parker through his agent; that if he did not sign the bank would foreclose the mortgage on certain lands, and that he and others would be prosecuted for swindling. This evidence was admissible under appellant's plea of duress. They pleaded that Parker threatened them with a criminal prosecution for swindling, and to foreclose a mortgage by the bank on certain lands, if they did not execute the contract sued upon. May was the president of appellant company, and seems to have been in general control of its affairs. He proposed by the testimony in question to give his reason and purpose in executing the contract. We think this was permissible. Under the plea of duress it was proper for him to say whether that fact had any influence upon him in executing the instrument. The whole case on that issue was predicated upon whether the threats did influence him or did not, and we know of no better source from which this evidence could be furnished than the testimony of May himself.

The court also committed an error in peremptorily instructing the jury to return a verdict in appellees' favor, thereby taking from them the right to consider whether the plea of duress was meritorious or not. The facts pleaded, if true, were sufficient to establish a case of duress, and if the jury had been allowed to consider the testimony of May it would have been material evidence bearing upon that issue. 10 Am. & Eng. Ency. Law, 2d ed., 342; First Natl. Bank v. Sargent, 59 L. R. A., 297; Gray v. Freeman, 37 Texas Civ. App., 556, 84 S. W., 1106; Thompson v. Hicks, 100 S. W., 357.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*