**EXPORTERS' & TRADERS' COMPRESS & WAREHOUSE CO. v. SPIVEY. (No. 6542.)**

(Court of Civil Appeals of Texas. Austin. Jan. 24, 1923. Rehearing Denied Feb. 28, 1923.)

1. Warehousemen ⬉34(2) — Cotton warehouseman liable for excessive storage fees charged on owner's sale to purchaser deducting fee from purchase price.

A warehouseman receiving cotton for storage at an agreed fee, issuing his negotiable receipt, and delivering the cotton to any one presenting the receipt and paying the fees, for which he has a statutory lien on the cotton, is liable to the party storing it for fees charged in excess of the agreed amount, on the latter's sale of the cotton to one who, according to custom, deducts the amount charged from the purchase price, whether he has actually paid the fees or not; there being no statutory time for payment thereof.

2. Payment ⬉82(1)—Money paid with full knowledge of facts cannot be recovered in absence of fraud, duress, or extortion.

Money voluntarily paid with full knowledge of all the facts cannot be recovered, except in cases of fraud, duress, or extortion.

3. Appeal and error ⬉1001(1)—Verdict, if sustained by sufficient evidence, not disturbed.

The jury's finding, if sustained by sufficient evidence, that excessive storage fees were paid under protest, will not be disturbed on appeal.

4. Payment ⬉87(5)—Under business necessity may be recovered as made under compulsion.

Payment made under a business necessity to free property of some duress or lien may be recovered as having been made under compulsion.

5. Payment ⬉87(5)—Cotton seller may recover from warehouseman excessive storage fees deducted from purchase price.

Permitting a cotton purchaser to deduct from the purchase price, pursuant to a custom known to a warehouseman, a storage fee charged by the latter in excess of that agreed on with the seller *held* a payment under such stress of business, in order to release a lien, as entitled the seller to recover from the warehouseman the charges wrongfully paid.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Action by Jay Spivey against the Exporters' & Traders' Compress & Warehouse Company. Judgment for plaintiff, and defendant appeals. Affirmed.

R. O. Stotter and Sleeper, Boynton & Kendall, all of Waco, for appellant.

Johnston & Hughes, of Waco, for appellee.

BLAIR, J. This is an appeal by the Exporters' & Traders' Compress & Warehouse Company from a judgment rendered against them in the county court of McLennan county, in the sum of $111.19, and in favor of Jay Spivey, the appellee. The case having originated in the justice court, there were no written pleadings filed. Appellee pleaded, however, that during the fall of 1919 he stored with appellant quite a number of bales of cotton, on the basis of 25 cents per month per bale, which cotton remained in storage until he sold the same to Novich, in November, 1920, and that he paid the storage by permitting Novich to deduct it from the price of the cotton at the time of the sale thereof, and that appellant demanded of him $111.19 in excess of the agreed rate.

Appellant admitted that, when the appellee stored said cotton in its warehouse, the storage rates were 25 cents per bale per month, but that on August 1st it increased its rate to 2 cents per day per bale, and that notices were mailed to all parties having cotton in the warehouse, and by posting and publishing notices in the newspapers and around the premises of said warehouse, alleging that appellee received notice in one or the other of these methods. Appellee denied having received any notice of an increase in rates.

The facts proved in this case were as follows:

Appellee stored several hundred bales of cotton with appellant, in its warehouse at Waco, during the fall of 1919, at an agreed rate of 25 cents per bale per month, which rate was to continue in effect until notice by appellant of any change thereof. That said cotton remained in storage until November, 1920, when appellee sold it to one Novich. At the time of storage appellant issued to appellee what was known as its negotiable warehouse receipt, which, in the course of cotton dealings, transfers the title to the cotton by delivering said receipt. That by the usages and customs of the cotton business each purchaser ascertained the amount of storage then due, and deducted the same from the purchase price of said cotton; the payment of the storage to the warehouseman being made at the time of the moving of said cotton represented by said receipt rather than at the time of each sale thereof.

At the time of the sale of the cotton by appellee to Novich, Novich called appellant by telephone, who informed him the amount of storage it claimed against appellee. Appellee stated at the time that it was too much, and asked to talk with appellant, and stated to appellant that the fees were too much under their contract, and appellant claimed that it was entitled thereto by reason of an increase in rates. Appellee had no notice of such increase. Novich refused to take the cotton until said storage was paid, and in order to consummate his trade appellee paid the storage, and demanded of appellant a statement thereof, which was furnished some two days later. Appellee, through his attorneys, later asked for a reimbursement for the excess fees charged, which appellant refused to pay. This suit was brought for the recovery of the same.

There was no particular date agreed upon as to when the storage was to be paid, and the warehouseman looked primarily, if not solely, to the cotton, upon which he had a lien, for his storage, and delivered the cotton to any party presenting the negotiable storage receipt and paying the fees at the time of the moving of the cotton. The fees for said storage were not paid at the time of the institution of this suit by Novich, who purchased the cotton; nor does the record show whether they had been paid at all. Appellant testified that it was looking solely to the cotton for its storage charges.

Appellant presents to this court two propositions, wherein it alleges that the trial court erred, and asks this court to reverse and render said cause; the first proposition being as follows:

"Where a person having cotton stored in a warehouse sells it on his warehouse receipts, the buyer deducting a certain sum from the purchase money before paying it over to the seller, the sum deducted being the amount the warehouseman has informed the purchaser and seller is due as storage against the cotton sold, though this sum deducted is in excess of what is due under previous agreement between warehouseman and seller, the seller cannot recover such excess without first showing that the buyer has paid to the warehouseman the sum he deducted from the selling price of the cotton."

[1] We are of the opinion that, a warehouseman receiving cotton for storage, upon an agreed fee per bale per month, issuing therfor his negotiable receipt, which in the course of cotton sales transfers title thereto, and the purchaser, by the usage and custom of the cotton business, collecting from the seller the storage fee accrued to the date of the sale by ascertaining the amount due from the warehouseman at the time of such sale, and deducting the amount from the purchase price of the cotton, the said warehouseman, looking solely to the cotton, upon which he has a statutory lien, for his fees, delivering the cotton to any one presenting the storage receipt and paying the fees due, is liable to the original contracting party for storage fees in excess of the amount agreed, without the owner for such period of time having to show that the purchaser had actually paid the storage fees; there being no statutory time for payment of such fees. It seems to us that, since any number of cotton dealers might own the cotton by the delivery of the storage receipt without the knowledge of appellant, it would be of no concern to it which of the owners paid the fees, as appellant looked primarily, if not solely, to the cotton for its storage fees. Appellant's counsel suggests that it might happen that the cotton would become worthless, and in such event appellant would have the right to look to the party storing the cotton for its charges. But no such state of facts exists in this case, as appellant testified that it had the cotton, and that, if the fees had not been paid, it was looking to the cotton alone for the storage charges, which under the law it could collect without the necessity of bringing suit against either appellee or any other purchaser of the cotton. We see no reason why the seller, appellee herein, who must pay to the purchaser storage charges on cotton to relieve it of a statutory lien, should not be allowed reimbursement from the ap-

pellant, who has wrongfully charged more than was agreed to by the parties, and who looks primarily to the cotton for its charges, accepting in the course of trade its storage fees from any purchaser presenting its negotiable receipt, and especially so since it ·is with the appellant when it will demand its charges, thereby placing itself in a position to determine when a suit for excess fees might be brought, if actual payment to it were necessary.

· [2, 3] Appellant by its second proposition seeks to reverse this case because of the alleged voluntary payment by the seller, appellee in this ·case, without protest, of such storage fees, after having full ·knowledge upon what grounds the warehouseman, appellant in this case, sought to collect the same, there being no deception on the part of said warehouseman. It is a general rule of law that a voluntary payment of money, with full knowledge of all the facts, except in cases of fraud, duress, or extortion, cannot be recovered. Appellee contends that he paid the charges by reason of business necessity, under such circumstances as to make such payment under duress, and that·he did protest at the time the storage fees were demanded of him. This matter was submitted to the jury, and the jury found that such payment of the excess fees was made under protest, and we find sufficient evidence to sustain their findings, ·and their verdict will not be disturbed on appeal. Conner v. Mc-Afee (Tex. Civ. App.) 214 S. W. 646.

[4, 5] We are of the opinion that this case comes within the rule announced in many cases in this state, that, where payment is made under a business necessity to free property of some duress or existing lien, it may be regarded as compulsory. Appellant held the cotton, and by statute had a lien thereon for his storage fees, which must be paid before the cotton could be moved. Appellee sold the cotton, and, as was the custom, sought appellant to ascertain the amount of his lien due at that time. Appellant informed him and his purchaser that the charges were a certain amount. Appellee protested, in the presence of his purchaser, that the charges were too much under their contract, whereupon he was informed by the purchaser or appellant that since the storage of his cotton the storage fees had been increased, which appellee denied any knowledge of, in the presence of his purchaser, and to appellant. His purchaser refused to take the cotton until said existing lien was released, and appellee, rather than miss a sale of his cotton, paid the storage fee, or permitted the purchaser to deduct it from the purchase price, which custom was known and accepted in the course of cotton dealings by appellant. This, in our opinion, is payment under such stress of business, in order to release an existing lien, which property the pur-

chaser refused to take without its being released, as would entitle appellee to recover the charges so wrongfully paid, irrespective of the fact that the jury had found thereon. Caldwell v. Auto. Co.·.(Tex. Civ. App.) 158 S. W. 1030; 30 Cyc. pp. 1303–1305; Goodhue v. Hawkins ·(Tex. Civ. App.) 133 S. W. 288; Ladd v. Sou. Cotton Compress Co., 53 Tex. 172; Shelton v. Trigg (Tex. Civ. App.) 226 S. W. 761; Smith v. Houston Nat. Exchange Bank (Tex. Civ. App.) 202 S. W. 181; Tel. Co. v. State, 40 Okl. 417, 138 Pac. 1033; Hahl & Co. v. Hutcheson, Campbell & Hutcheson (Tex. Civ. App.) 196 S. W. 262, writ of error refused, no opinion, 202 S. W. xvi; Keeling & Field· v. Walter Connally & Co. (Tex. Civ. App.) 157 S. W. 232.

After carefully examining the propositions and the law submitted in this case, we are of the opinion that there is no error in the judgment of the trial court, and the same is affirmed.

Affirmed.