STANFORD et ux. v. UNITED STATES INV. CORPORATION, Limited. (No. 175.)

(Court of Civil Appeals of Texas. Waco. April 16, 1925. Rehearing Denied May 14, 1925.)

**1. Usury ⟨key⟩142(3)—Petition charging collection of usury must be sworn to.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4983, petition charging usury in collecting attorney's fees in addition to amount of notes must be sworn to.

**2. Usury ⟨key⟩142(3)—Usury in collection of attorney's fees by payee of notes held not sufficiently alleged.**

Petition alleging that defendant collected attorney's fees as bonus, usury, or extra interest on notes not paid when due, and that plaintiffs did not owe, nor extension agreement provide for, such fees, but not directly alleging that usurious interest was charged or collected or that notes did not provide for attorney's fees, and stating that defendant's attorney agreed to reduce amount of such fees, but refused to do so on settlement, *held* not sufficiently definite to charge usurious interest.

**3. Usury ⟨key⟩49, 62—Interest on past-due interest not usury; 10 per cent. attorney's fees on amount of principal and accrued interest on note may be included.**

Interest on past-due interest is not usury, and, if note so provides, 10 per cent. attorney's fees on amount of principal and accrued interest may be included.

**4. Bills and notes ⟨key⟩434—Petition held insufficient to state cause of action for recovery of amount collected in excess of agreed sum.**

Allegation of breach of agreement by payee of notes to accept stated sum with interest and attorney's fees in stipulated amount in full payment of all sums due, when makers obtained new loan, *held* insufficient to state cause of action, in absence of allegation that agreed sum

was total amount due, or of any consideration for agreement, if less than such amount.

**5. Pleading ☞8(5)—Allegation of payment of more than due on notes held insufficient on general demurrer as mere conclusion.**

Allegation that plaintiffs paid stated sum in excess of what was due on notes, amount of which, with 10 per cent. interest after maturity, and attorney's fees, did not exceed amount paid, *held* mere conclusion, insufficient as against general demurrer, in absence of allegation that they did not owe notes or that latter did not bear such interest nor provide for such attorney's fees.

**6. Bills and notes ☞434—Payment of interest and attorney's fees under protest held not to show overpayment under duress.**

That makers paid amount of notes with 10 per cent. interest from maturity, and attorney's fees, under protest, to prevent foreclosure of trust deed and procure dismissal of suit, *held* not to show duress entitling them to recover alleged overpayment.

**7. Payment ☞87(5) — No "duress" where party asserting claim or making demand must resort to courts to enforce it.**

To constitute "duress" of property, there must be threat to do some act which threatening party has no legal right to do, some illegal exaction, fraud, or deception, and restraint must be imminent and such as to destroy free agency without present means of protection, and, where party asserting claim or making demand must resort to courts to enforce it, there is no duress.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Duress.]

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Action by E. R. Stanford and wife against the United States Investment Corporation, Limited. From judgment of dismissal, plaintiffs appeal. Affirmed.

Tirey & Tirey and G. W. Barcus, all of Waco, for appellants.

D. A. Kelley and Garrett & Sheehy, all of Waco, for appellee.

### Statement of the Case.

STANFORD, J. On January 8, 1912, M. W. Stanford and wife, Helen Stanford borrowed from appellee $4,500, for which amount they executed their note, secured by a lien on real estate due January 27, 1917. This note was renewed and extended later by the execution of another note, signed by M. W. Stanford and the appellants herein, E. R. Stanford and Helen Stanford, to mature January 1, 1922; said extension note bearing 7 per cent. interest from January 1, 1917, interest payable annually. M. W. Stanford died in January, 1921. This last note, and an interest note for $315, due on same date, January 1, 1922, were not paid on maturity, and appellee sued on both of said notes about September 13, 1922, and sought recovery on both of said notes, together with 10 per cent. interest on both from January 1, 1922, alleging said notes provided for 10 per cent. interest from maturity if not paid when due, also 10 per cent. attorney's fees.

Appellants alleged that D. A. Kelley, attorney for appellee, agreed wtih appellants that, if said notes and interest were paid off, he would reduce his attorney's fees to $225. Appellants finally completed arrangements with another loan company to pay off said indebtedness, by executing deed of trust on the same land, and having said deed of trust recorded, etc., and on May 28, 1923, paid off said indebtedness, the same being the $4,500 note and the $315 note, with 10 per cent. interest on both from their maturity, January 1, 1922, and $14.20 court costs, and $515.72 attorney's fees, and said cause then pending in the Seventy-Fourth district court was dismissed. Appellants then brought this suit in the Nineteenth district court, alleging the above facts, claiming they were required to pay more than was due on said indebtedness; that they did not owe attorney's fees; that the extension agreement did not provide for attorney's fees, and, if they did owe attorney's fees, it was only $225; that appellee had no right to collect 10 per cent. interest on the $4,500 note from January 1, 1922, and that said attorney's fees were being charged as a bonus, or as usury, or extra additional interest to that provided by law, etc.; that appellee required appellants to pay said sum before appellee would release the deed of trust lien and before appellee would dismiss the lawsuit which it had filed, and required appellants to pay same under threat that, if not paid, appellee would foreclose its deed of trust lien in the suit then pending in the Seventy-Fourth district court, etc.

The trial court sustained a general demurrer in this case to appellants' petition, and, appellants declining to amend, said cause was dismissed, from which judgment of dismissal this appeal is prosecuted.

### Opinion.

[1-3] If the court was in error in sustaining the general demurrer to appellants' petition, then the cause should be reversed; otherwise it should be affirmed. Was appellants' petition sufficient as against a general demurrer to show usurious interest was collected? There is no direct allegation that there was any usurious interest charged or collected. They do say that there was $225 collected as attorney's fees, and that they did not owe any attorney's fees, that the extension agreement did not provide for attorney's fees, but there is no allegation that the notes sued on did not so provide. They do say $225 was collected as a bonus, or usury, or extra

interest, but they also say, in another part of said pleading, that appellee's attorney agreed to reduce the amount of attorney's fees of $225, and on the settlement refused to do so, etc. Appellants' petition was insufficient as a pleading to charge appellee with collecting usury, because: (1) It is not sworn to, as required by statute. See article 4983, Vernon's Sayles' Civil Statutes; Cassidy v. Scottish-American Mortgage Co., 27 Tex. Civ. App. 211, 64 S. W. 1030; First Nat. Bank v. Penman (Tex. Civ. App.) 47 S. W. 68. (2) It is insufficient, in that the petition is not sufficiently definite to charge usurious interest. Nocona Nat. Bank v. Bolton (Tex. Civ. App.) 143 S. W. 242; Western Bank & Trust Co. v. Ogden, 42 Tex. Civ. App. 465, 93 S. W. 1102. (3) Interest on past-due interest is not usury, and it is proper, if the note so provides, to include 10 per cent. attorney's fees on the amount of the principal and accrued interest. Miner v. Paris Exchange Bank, 53 Tex. 561; Crider v. San Antonion Loan Co., 89 Tex. 600, 35 S. W. 1047; Lewis v. Paschal, 37 Tex. 315; Geisberg v. Bldg. & Loan Ass'n (Tex. Civ. App.) 60 S. W. 478.

[4] Appellants allege further that appellee knew that they were negotiating a new loan, and knew that this was the only way they could pay said debt, etc., and that appellee had agreed that, as soon as the new loan was obtained, it would accept, in full payment of all sums due it $4,500, with 7 per cent. interest from January 1, 1922, and $225, attorney's fees, and allege a breach of said agreement. But there is no allegation that this was the total amount due and no allegation of any consideration for such agreement. If same was made, if it was less than the amount due, such agreement was void for lack of consideration.

[5] Appellants further plead that, if they should be mistaken as to the sum paid by them being usurious interest, in truth and in fact they paid to the defendant the sum of $732.21 more than was due on said notes, and that said sum was paid under protest, and it was paid because of the refusal of appellee to release said property unless said sum was paid; that they had to pay same to obtain a release of their property and to get said suit dismissed, and to prevent their property from being sold under execution or said deed of trust, etc. Were appellants required to pay more than was due? They allege they were sued September 13, 1922, on two notes —one for $4,500 and the other for $315—both due January 1, 1922, to recover the amount of said two notes, including 10 per cent. interest from maturity and 10 per cent. attorney's fees. There is no allegation that they did not owe said two notes, no allegation that said two notes did not bear 10 per cent. interest after maturity, no allegation that said two notes did not provide for 10 per cent. attorney's fees. They allege they paid, on May 28, 1923, $5,687.21 in settlement of said indebtedness, and said suit was dismissed. If these notes provided for 10 per cent. interest from maturity, and 10 per cent. attorney's fees, which is not denied, it is apparent they did not pay more than was due. The allegation of appellants that they paid $732.21 more than was due was simply a conclusion of the pleader, and, without the allegation of any facts as a basis for such conclusion, was insufficient as a pleading as against a general demurrer.

[6, 7] Appellants allege further that they paid said alleged overcharge, under protest, in order to get a release to their land, and in order to prevent a foreclosure of the deed of trust lien in the suit then pending, and in order to get said suit dismissed, etc. Appellants say:

"It now seems to be the well-settled law in this state that, where a party who holds a' lien demands more than is justly due before he releases the lien, the party paying the same, if he pays it under protest, has a cause of action against the party for money had and received."

Appellants cite Bowers v. M., K. & T. Ry. Co. (Tex. Civ. App.) 241 S. W. 509; Warehouse Co. v. Spivey (Tex. Civ. App.) 249 S. W. 1086; International Land Co. v. Parmer, 58 Tex. Civ. App. 70, 123 S. W. 196; Dale v. Simon (Tex. Civ. App.) 248 S. W. 703. The first two cases cited above involved the holding of goods for payment of unlawful freight charges and warehouse charges, and great resultant damages by reason of such wrongful withholding of the goods. The last case above cited involved the wrongful conduct on the part of the lessor in requiring the payment of a large amount of money by the lessee in order to prevent the lessor from forfeiting a valuable oil lease, which forfeiture would have involved the lessee in financial ruin. None of these cases were in court, and in all of them the parties having the advantage were not required to go into court to enforce their unlawful demands. In the case of Dale v. Simon, supra, a writ of error was granted by our Supreme Court, and, in the opinion of the Commission of Appeals, 267 S. W. 467, the court said:

"It is here insisted that there is no evidence raising the issue that payment was made under duress, and for this reason it was not within the province of the jury to say that the payment by defendants in error to plaintiffs in error was so made. There can be no duress unless there is a threat to do some act which the party threatening has no legal right to do. Such threat must be of such character as to destroy the free agency of the party to whom it is directed. It must overcome his will and cause him to do that which he would not otherwise do, and which he was not legally bound to do. The restraint caused by such threat must be imminent. It must

.be such that the party to whom it is directed has no present means of protection. Ward v. Scarborough (Tex. Com. App.) 236 S. W. 437; Landa v. Obert, 78 Tex. 33, 14 S. W. 297. 'Where a demand made is wrongful or unlawful, and it is necessary for the party making such demand to resort to the courts to enforce same, there is no duress, for the one upon whom demand is made has adequate means of protection, and there is no imminent restraint. Phœnix Land Co. v. Exall (Tex. Civ. App.) 159 S. W. 474; Shuck v. Interstate Building & Loan Association, 63 S. C. 134, 41 S. E. 28."

See, also, Alexander v. Trufant Co. (Tex. Civ. App.) 34 S. W. 183; Satchfield v. Levee Dist., 74 Ark. 270, 85 S. W. 409; McCormick v. City of St. Louis, 166 Mo. 315, 65 S. W. 1039. In this case, suit had been brought September 13, 1922, by appellee against appellants on the two notes, one for $4,500, and the other for $315, in the Seventy-Fourth district court of McLennan county, and to foreclose a deed of trust lien. The case was settled and dismissed May 28, 1923. If appellants did not owe said two notes, or if they were not due January 1, 1922, or if they did not bear 10 per cent. interest from maturity, or if they did not provide for 10 per cent. attorney's fees—in fact, if appellants did not owe the amount claimed to be due by appellee—they had ample time and opportunity to make their defense. An order of sale could not issue until 20 days after judgment was rendered, and then a sale could not be made for probably a month longer, and, if appellants had elected to present their defenses, the court would necessarily have had to pass upon same before rendering judgment. As said by the Chief Justice of this court, while on the Commission of Appeals, in Ward v. Scarborough, 236 S. W. 434:

"Duress of property cannot exist without there being a threat to do some act which the threatening party has no legal right to do—some illegal exaction or some fraud or deception. The restraint must be imminent and such as to destroy free agency without present means of protection. 9 R. C. L. p. 723; York v. Hinkle, 80 Wis. 624, 50 N. W. 895; 27 Am. St. Rep. 73; Taylor v. Hall, 71 Tex. 213, 216, 9 S. W. 141. * * * The courts have drawn a distinction between the cases where, although the claim asserted or demand made is wrongful or unlawful, the party asserting the claim or making the demand is compelled to resort to the courts to enforce the same, and the cases where the party making such demand possesses, or is supposed to possess, the power to enforce such demand against the property of the party claiming duress without resort to the courts. In the former class of cases it is held, we think, with practical uniformity that there is no duress. Phœnix Land Co. v. Exall (Civ. App.) 159 S. W. 474, 485, pars. 9 and 10 (writ refused); Shuck v. Interstate Building & Loan Ass'n, 63 S. C. 134, 41 S. E. 28, 32, 33; Benson v. Monroe, 7 Cush. (Mass.) 125, 54 Am. Dec. 717; Forbes v. Appleton, 5 Cush. (Mass.) 115, 118."

There is no duress, either of person or property, in this case. The fact that appellants paid the disputed items under protest is not sufficient. They had an opportunity to present their defenses in the former suit. They elected not to do so, made a settlement by paying same, and said suit was dismissed. They do not allege there was any fraud, accident, or mistake, or that they were in any way misled or deceived, and there is no allegation in the petition that tends to show any duress, within the legal meaning of said term.

The trial court was correct in sustaining the general demurrer to appellants' petition, and, so holding, we affirm the judgment of the court below.

Justice BARCUS, being disqualified, did not sit in this case.