**M. Doug PETERS, Jr. et ux., Appellants,**

v.

**LOMAS & NETTLETON FINANCIAL CORPORATION, Appellee.**

No. 1882.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 18, 1978.

Thomas A. Harwood, Joe W. Walsh & Associates, Brownsville, for appellants.

Robert H. Singleton, Singleton & Singleton, Houston, for appellee.

COULSON, Justice.

Appellants, plaintiffs below, appeal from a summary judgment granted in favor of appellee, defendant below, in a suit based on allegations of usury. We affirm.

This suit arose out of transactions between appellants, appellee and one Fontana. In 1972, appellant M. Doug Peters, Jr. contacted Fontana, a real estate broker, to recommend real estate investments in Houston. Peters, Fontana and Sam Bowman agreed to purchase a piece of property in Harris County. In order to purchase the property it was necessary to borrow a substantial sum of money. To this end a corporation, the Seventy-Five Lee Corporation, was formed and a loan was arranged from appellee Lomas & Nettleton for $525,000.00. Appellant M. Doug Peters, Jr. signed a personal guarantee of the loan which had been made to the Seventy-Five Lee Corporation. In June of 1975, appellee notified appellant M. Doug Peters, Jr. that the note was in default and made demand upon Peters, as guarantor, for payments of the amounts due. On August 12, 1975, appellants filed suit against Fontana alleging breach of fiduciary duty, and against Lomas & Nettleton alleging usury. On February 27, 1978, the trial court granted appellee's motion for summary judgment and decreed that appellants recover nothing from appellee as a matter of law. Appellants' cause of action against appellee was severed from the remainder of the lawsuit and appellants perfected this appeal.

Appellants seek a reversal on the ground that a genuine issue of material fact was raised on the question of whether the loan was usurious. The loan agreement and promissory note provided for interest at the rate of 4½% per year in excess of the prime interest rate of the First National Bank in Dallas, but in no event to be greater than

the maximum rate of interest permitted by law. Appellants contend that the loan was, in fact, made "for the benefit of" M. Doug Peters, Jr. as an individual and that appellee required the formation of a corporation solely in order to evade the usury laws. They allege therefore that the maximum rate of interest allowed is governed by Article 5069–1.02 Tex.Rev.Civ.Stat.Ann., which provides: "Except as otherwise fixed by law, the maximum rate of interest shall be ten percent per annum. A greater rate of interest than ten percent per annum unless otherwise authorized by law shall be deemed usurious." Appellants, for claimed violation of this statute, seek the penalties provided by Article 5069–1.06 Tex.Rev.Civ. Stat.Ann.

Our examination of the record reveals that the loan was in fact made to the Seventy-Five Lee Corporation. The promissory note and the deed of trust were executed for the corporation by its president. Appellant M. Doug Peters, Jr. executed the guaranty securing the note of the Seventy-Five Lee Corporation. The corporation was properly formed and Articles of Incorporation were properly filed with the Secretary of State. The loan proceeds were paid to the corporation and were used, by the corporation, to purchase the property in the name of the Seventy-Five Lee Corporation. None of the funds was ever paid personally to appellants, nor appropriated by appellants for their personal use. All payments due under the loan to Lomas & Nettleton were paid by the Seventy-Five Lee Corporation.

Article 1302–2.09 Tex.Rev.Civ.Stat.Ann. provides that corporations may "agree to and stipulate for any rate of interest as such corporation may determine, not to exceed one and one-half percent (1½%) per month, on any bond, note, debt, contract or other obligation of such corporation under which the original principal amount is Five Thousand Dollars ($5,000) or more, . . and in such instances, the claim or defense of usury by such corporation, its successors, guarantors, assigns or anyone on its behalf is prohibited." Under this statute it was legal for appellee to charge the Seventy-

Five Lee Corporation a rate of interest in excess of ten percent. The mere fact that appellee required the formation of the corporation in order to obtain the loan does not render the transaction void or illegal. The corporation was validly incorporated and carried out its purpose of acquiring the property with proceeds of the loan in question. The corporation was created because the statute permits a corporate entity to make the contract which would be illegal if made by an individual. As the Dallas Court of Civil Appeals has stated, citing New York cases, "The law has not been evaded but has been followed meticulously in order to accomplish a result which all parties desire and which the law does not forbid." *Skeen v. Glenn Justice Mtg. Co. Inc.*, 526 S.W.2d 252 (Tex.Civ.App.—Dallas 1975, no writ); *see also American Century Mtg. Investors v. Regional Ctr. Ltd.*, 529 S.W.2d 578 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.).

We conclude that the loan was made to the corporation, and the fact that the lender required the formation of such corporation in order to make the loan at a higher rate of interest does not make the transaction usurious or illegal. Thus, there was no material issue of fact on the question of usury raised by the summary judgment proof and summary judgment was properly granted in favor of appellee.

Affirmed.