**R. B. BRADLEY et al., Appellants,**

**v.**

**HOUSTON STATE BANK, Appellee.**

**No. B2075.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 11, 1979.

Rehearing Denied Aug. 15, 1979.

Gary D. Mathews, Larry R. Jones, Law Offices of W. Harold Sellers, Houston, for appellants.

William E. Wylie, James Elder, III, Charles B. Wolfe, Brown & Wylie, Houston, for appellee.

Before CURTISS BROWN, C. J., and COULSON and MILLER, JJ.

COULSON, Justice.

This is an appeal by R. B. Bradley, Stephen D. Spencer, T. S. Terry (appellants), and Spencer, Terry/Padgett & Associates, Inc. (corporate appellant), from a directed verdict in favor of appellee Houston State Bank (the Bank) in a suit based upon appellants' claims of usury, fraud, and breach of contract. We affirm the judgment of the trial court.

Appellants Bradley, Spencer and Terry approached appellee Houston State Bank in May or June of 1974 for the purpose of obtaining a loan in order to move their indebtedness in the amount of $60,000.00 from Spring Branch State Bank. Houston State Bank made a loan in that amount to appellant Spencer, Terry/Padgett & Associates, Inc., a corporation, at an interest rate of 12% per year. Appellant Terry executed the promissory note on behalf of the corporation, as its president, and the three individual appellants, Terry, Spencer and Bradley, signed as individual guarantors of the corporation's note. Under the agreement between the Bank and appellants this ninety-day note was reduced by ten percent of the original principal amount at the end of ninety days and a renewal note was executed for the remaining amount due on the principal plus interest. The $60,000.00 amount was eventually reduced to $36,000.00 and a renewal note for that amount was executed in June of 1975. This note was due to be paid in September of 1975 but at that time appellants were unable to make the necessary $6,000.00 payment on the principal. The Bank agreed to accept a payment of interest only and a new note bearing the principal amount of $36,000.00 was executed in October. No payment was made on this note when it was due in December of 1975 and the Bank made demand for payment of the total amount of the note.

When payment was not forthcoming the Bank filed suit against appellants to collect the $36,000.00 plus interest and attorney's fees. Appellants filed an answer to this lawsuit and a counterclaim against the Bank claiming usury as a defense. Appellants and the Bank entered into negotiations which culminated in an agreement executed in June of 1976. Under the terms of this document the Bank agreed to advance the sum of $40,475.00 to the individual appellants, Terry, Bradley and Spencer, to fully satisfy the $36,000.00 note, with interest, of Spencer, Terry/Padgett & Associates, Inc. Terry, Bradley and Spencer in return executed a promissory note in favor of the Bank in the total amount of $40,475.00 (the $40,000.00 note). This note bore interest at the annual rate of 8½% and was secured, under a security agreement, by a promissory note in the principal sum of $45,000.00 executed by two doctors and payable to a limited partnership owned by the individual appellants (the doctors' note or the collateral note). The Bank further agreed to dismiss its lawsuit against appellants on their $36,000.00 note.

The first payment on the $40,000.00 note was due on August 1, 1976 but was not made by appellants. Thereupon the Bank made demand upon appellants for the entire balance due on that note. Appellants did not pay the note and the Bank posted notice of its intent to sell the collateral note. At this point appellants arranged with River Oaks Bank and Trust Company (River Oaks Bank) to obtain appellants' notes from Houston State Bank to prevent the sale of the collateral note. The Bank required payment for the total due on appellants' $40,000.00 note, for the total due on appellant Terry's individual note in the principal sum of $3,600.00 and payment of $4,130.35 for attorney's fees.

The Bank having dismissed its suit against appellants on the original promissory note, trial was subsequently had upon appellants' second amended original counterclaim based upon fraud, usury, and breach of contract. At the close of appellants' evidence the Bank made a motion for a directed verdict which was granted by the trial court. Judgment was entered that appellants take nothing against the Bank. Appellants appeal from that judgment.

Appellants' first two points of error contend that the trial court erred in excluding evidence of fraudulent misrepresentations made to them by the Bank which are alleged to have induced appellants to execute the agreement settling their counterclaim on the original note and releasing all their claims of usury based on that note, as well as inducing them to execute the new note. Appellants further contend that such fraudulent misrepresentations caused them to sell certain real property at a price well below its actual value and to suffer damages thereby. The evidence which appellants claim would prove fraud consisted of testimony by appellant Terry as to what he was told by the Bank concerning payment of the new note. In substance he testified that the Bank, in settlement of the Bank's claim against appellants, informed them that it would accept a note from the two doctors as collateral, that the Bank would use the funds from payment of that note to reduce the indebtedness of appellants on their new note, and that the due date upon appellants' note would be the same as the due date on the doctor's note to appellants so that they would coincide. Terry further stated that, relying upon such representations by the Bank, appellants sold their interest in ranch property to the doctors at a price below its market value in order to obtain such a note from the doctors to be given as collateral to the Bank.

This testimony was excluded from evidence on objection that it violated the parol evidence rule. Appellants contend that the evidence was admissible under the Texas rule that parol evidence is admissible, although it may contradict the terms of a written agreement, to prove that the agreement was induced by fraud. *Dallas Farm Machinery v. Reaves*, 158 Tex. 1, 307 S.W.2d 233 (1957); *Instant Credit Service, Inc. v. McClanahan*, 497 S.W.2d 954 (Tex.Civ.App.—Austin 1973, writ dism'd).

■ The Supreme Court of Texas has recently held that "the mere representation by a payee to the maker [of a promissory note] that the maker will not be liable on the note does not constitute fraud in the inducement so as to be an exception to the parol evidence rule" without a showing of some additional type of trickery, artifice, or device employed by the payee. *Town North National Bank v. Broaddus*, 569 S.W.2d 489, 492 (Tex.Sup.1978). In the case before us appellants' own evidence discloses that the Bank did not make representations that appellants would not be liable on the note. Statements that payments on the collateral note would be applied to appellants' note, even indulging every inference to be drawn therefrom in favor of appellants, does not amount to a representation that appellants would not be liable for payment of their note in the event that no payments were made on the collateral note. The evidence was properly excluded under the parol evidence rule.

■ Appellants argue that the Bank made fraudulent representations as to the time of payment of the two notes because, although the payment dates on both notes were the same, the collateral note contained a provision for a ten-day grace period within which payment could be made by the doctors without the note being in default whereas appellants' note to the Bank contained no such provision. We observe that the collateral note was prepared by appellants and that appellants were represented by counsel at all times material to the formation of the notes and agreements with the Bank and no reference was made to the addition of such provision. We find no misrepresentation in the provisions for time of payment of the note.

■ Appellants' next points of error deal with the exclusion of evidence that the Bank required, as a condition to making the

$40,000.00 loan at an interest rate of 8½%, that a $20,000.00 "compensating balance" be maintained on deposit with the Bank. Appellants argue that this evidence was admissible under the Texas rule that parol evidence is admissible for the purpose of showing usury. We find however that, under the facts of this case, the requirement that a compensating balance be maintained with the Bank does not constitute usury and therefore the evidence was properly excluded under the parol evidence rule. This is not a case like *First State Bank of Bedford v. Miller*, 563 S.W.2d 572 (Tex.Sup. 1978) where the lending bank made a loan with the principal amount of $70,000.00, but required that $14,000.00 of that amount be "frozen" in a non-interest bearing account for payment of the first two years' interest on the loan. The supreme court in that case found that the true principal amount of the loan was $56,000.00, because the borrower had use of only that amount from the proceeds of the loan, and that therefore the interest rate was usurious. In the case before us however the excluded evidence showed that appellants had full use of the entire proceeds of the loan. The $20,000.00 compensating balance was provided with funds deposited by Guardian Title Company, a corporation of which appellant Bradley was president, into that corporation's existing account with the Bank. There is no indication that any of appellants' own funds were deposited in this account to provide the compensating balance or were in any way expended in an effort to provide such a balance. Therefore the principal amount of the note would not be reduced by the amount of the compensating balance with a resulting increase in the rate of interest, and the compensating balance requirement under the facts of this case does not render the transaction usurious. *See also, Moss v. Metropolitan Nat. Bank of Houston*, 533 S.W.2d 397 (Tex.Civ.App.— Houston [1st Dist.] 1976, no writ).

■ Appellants' remaining points of error contend that the trial court erred in directing a verdict against appellants because material fact issues were raised on several points. In reviewing the propriety of a directed verdict the appellate court is to determine whether any material issues of fact were raised by the evidence to submit to the jury. In making this determination we must view the evidence in the light most favorable to the appellants, indulge in every reasonable inference in favor of the appellants, and disregard all contradictory evidence unfavorable to the appellants. *Tryad Service Corp. v. Machine Tool Center, Inc.*, 512 S.W.2d 785, 786 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.). However, where the appellants' evidence when viewed in this manner, establishes that they are not entitled to recover then an instructed verdict for the appellee is proper. *Jackson v. Marshall*, 243 S.W.2d 205 (Tex.Civ.App.—Dallas 1951, no writ).

■ Appellants claim that a material fact issue was raised by evidence that the Bank stated that it could not make the loan at a 10% rate of interest and suggested that the original loan, in the amount of $60,000.00, be made to a corporation, rather than to the individuals, so that a higher rate of interest could be charged. According to appellants this raised a material issue of fact as to whether this loan transaction was usurious. Appellants' evidence shows that they were aware of and assented to the condition that the loan be made to a corporate borrower, that a properly incorporated corporation which had been created prior to the loan transaction in question was the borrower, that the stockholders of that corporation signed a corporate resolution authorizing the loan, and that the loan proceeds were in fact advanced to the corporation and deposited in the corporation's bank account. In a recent case involving almost identical facts the court found that these facts were insufficient to raise a material fact issue in support of the contention that the loan transaction was merely a subterfuge to evade the usury statute. That conclusion was based on those cases which have held that a lender may lawfully require, as a condition to making a loan, that the loan be made to a corporation rather than to an individual without such condition rendering the transaction usurious, even though the

purpose of the condition is to enable the lender to charge a higher rate of interest. *Houston Furniture Distributors, Inc. v. Bank of Woodlake*, 562 S.W.2d 880, 883 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). *See also, Peters v. Lomas & Nettleton Financial Corp.*, 572 S.W.2d 809 (Tex. Civ.App.—Houston [14th Dist.] 1978, no writ); *American Century Mtg. Investors v. Regional Ctr. Ltd.*, 529 S.W.2d 578 (Tex.Civ. App.—Dallas 1975, writ ref'd n. r. e.); *Skeen v. Glenn Justice Mtg. Co., Inc.*, 526 S.W.2d 252 (Tex.Civ.App.—Dallas 1975, no writ). In such a transaction the law "has not been evaded but has been followed meticulously in order to accomplish a result which all parties desired and which the law does not forbid." *Skeen v. Glenn Justice Mtg. Co., Inc., supra.* Thus no material issue of fact was raised by appellants' evidence concerning the original $60,000.00 loan, and the point of error is overruled.

■ Appellants next contend that evidence of the collection of unearned "attorney's fees" by the Bank at the time the $40,000.00 note was transferred to River Oaks Bank raised a material fact issue as to whether such collection was usurious. The note in question contained a provision which stipulated that if the note were placed in the hands of an attorney for collection then appellants would pay an additional 10% for attorney's fees. Such a provision has long been regarded in Texas as valid and has never been held to render a transaction usurious at its inception. *See Crowder v. First Federal Sav. & Loan Ass'n*, 567 S.W.2d 550 (Tex.Civ.App.—Tyler 1978, writ ref'd n. r. e.); *General American Life Ins. Co. v. Hamor*, 95 S.W.2d 975 (Tex. Civ.App.—Amarillo 1936, writ ref'd); *Stanford v. United States Inv. Corp.*, 272 S.W. 568 (Tex.Civ.App.—Waco 1925, writ dism'd). Appellants argue however that the *collection* of attorney's fees, which have not actually been incurred, does constitute the collection of usurious interest. We note however that the transaction between appellee and River Oaks Bank was a *purchase* of appellants' note by River Oaks Bank, and was not a payment of the amount due on the $40,000.00 note by appellants. Jeff Sut-

tles, the loan officer at River Oaks Bank who participated in the transaction, testified that it was structured as a purchase of the note by River Oaks Bank rather than as a payment of the amounts owed to Houston State Bank by appellants at the request of appellant Bradley because that was the easiest and least expensive way to carry out the transfer of appellants' debts from Houston State Bank to River Oaks Bank. He further stated that his purpose in going to Houston State Bank was "to purchase the loan from Houston State Bank" and that he informed Houston State Bank's representatives, upon inquiry, that he was there to purchase the notes. An agreement assigning the notes in question to River Oaks Bank was introduced into evidence. This assignment shows that the notes and collateral were in fact sold to River Oaks Bank & Trust Company. Houston State Bank was free to place any price upon these notes as a condition of sale, and to require the payment of any sums it felt necessary to protect itself, including the payment of amounts it felt would be required as attorney's fees in the future. These amounts were not demanded as a condition prior to permitting appellants to pay off their debt, but as a condition of selling the notes to River Oaks Bank. Therefore the payment of unearned attorney's fees, in these circumstances, would not constitute usury.

■ The same principles apply to appellants' contention that the Bank's requiring purchase of appellant Terry's individual note in the principal sum of $3,600.00 from the Bank was usurious. Because the transaction was a purchase from the Bank, it was free to impose any condition, including the purchase of an individual note of one of the debtors, on its sale of the $40,000.00 note to River Oaks Bank without rendering the transaction usurious. River Oaks Bank, unlike appellants, was not obligated to pay the $40,000.00 note and therefore Houston State Bank did not impose the requirement of payment of these additional sums as a condition precedent to accepting payment for the $40,000.00 note but as a condition precedent to selling that note, with its ac-

companying collateral, to River Oaks Bank. We observe again that structuring the transaction as a purchase rather than as a pay-off of the $40,000.00 note was requested by appellant Bradley and arranged by River Oaks Bank. Appellants must bear the responsibility for the form of the transaction.

In their next point of error appellants contend that a directed verdict was improper because their evidence raised a material issue of fact as to whether the Bank had breached the settlement contract by not dismissing its suit against appellants on the original note within a reasonable time. It is uncontroverted that that lawsuit was not dismissed until over three months after the settlement agreement was executed. However, the determination of whether this was within a reasonable time is not material to the resolution of this case as appellants neither pled nor introduced evidence that would establish any damages incurred by them as a result of this alleged breach of contract. The necessary elements of a cause of action for breach of contract include not only allegation and proof of the breach itself, but also of some damages flowing therefrom. As appellants neglected to pursue a necessary element of their cause of action they could not recover thereon and a directed verdict was proper as to their breach of contract claim.

In view of our resolution of the foregoing points of error it is unnecessary for us to address appellants' points of error dealing with the exclusion of expert testimony relating to the amount of damages for alleged usury claimed by appellants.

Appellants' evidence failed to raise a material issue of fact as to any of their claims of fraud, usury or breach of contract. The trial court was therefore correct in directing a verdict for appellee and its judgment will be affirmed.

Affirmed.