CHARLES L. SANGER v. W. A. MILLER ET AL.

Decided April 24, 1901.

**1.—Illegal Contract—Consideration—Parol Evidence.**

Parol evidence is admissible to show that a written contract, regular and legal on its face, was in fact based upon an illegal consideration not expressed in the contract itself.

**2.—Contract—Consideration—Partial Illegality.**

A promise upon several considerations, one of which is unlawful, is void, and courts will not compel either party to perform, nor award damages to either for its breach.

**3.—Illegal Contract—Executory and Executed.**

The rule that plaintiff can recover if he can make out his case without proving, as part of his cause of action, the illegality of his contract, does not apply to executory, but only to executed contracts.

**4.—Illegal Contract—Cotton Futures.**

Defendant in an action for damages for failure to perform a written contract for future sale and delivery of cotton, in which actual delivery was contemplated, could show that a part of the consideration for his undertaking was a parol agreement by the plaintiff to protect him, or "hedge," by purchasing and carrying for him "cotton futures" in illegal or gambling transactions not contemplating delivery.

**5.—Harmless Error.**

Plaintiff could not, upon appeal, avail himself of errors committed in the rulings upon a defense which was specifically withdrawn from the jury in submitting the case.

Appeal from Bell. Tried below before Hon. Jno. M. Furman.

*Boynton & Boynton* and *A. J. Harris,* for appellant.

*Geo. W. Tyler* and *A. M. Monteith,* for appellee.

KEY, ASSOCIATE JUSTICE.—Charles L. Sanger brought this suit against W. A. Miller & Co. for damages resulting from an alleged breach of the contract of sale of certain cotton. B. A. Ludlow was also made a defendant and sued as guarantor for Miller & Co. Miller & Co. averred in their answer that the contract sued upon was illegal and void, because as part of the consideration therefor the plaintiff agreed to protect them on the sales of cotton embraced in the contract by the purchase of cotton futures to the amount of such sales, and to advance the necessary margins, such advances to be secured by the guaranty put up by Miller & Co., and such futures to be bought when requested by said firm.

The issues embraced in this part of the answer were submitted to the jury, and the jury having returned a general verdict for the defendant, and there being evidence to support such conclusion, we find as a fact that the contract was as pleaded by the defendants.

The written contract between the parties did not embody the agreement by the plaintiff to protect the defendants by the purchase of cotton futures for their benefit; and the chief grounds relief upon for reversal are, (1) that the contract having been reduced to writing, the agreement referred to could not be shown by parol evidence; and (2) that the contract to protect the defendants by the purchase of cotton futures for their benefit was collateral to and independent of the contract sued upon; and therefore, though illegal and void itself, it was no defense to the plaintiff's cause of action.

We are unable to concur in either of these contentions. As a general rule it is permissible to show that the contract was based upon another and additional consideration from that stated in the written agreement, and parol evidence is admissible to show that the written contract, regular and legal on its face, was in fact based upon an illegal consideration, not expressed in the contract itself. Reed v. Brewer, 90 Texas, 149; Beadles v. McElrath, 3 S. W. Rep., 152.

On the other question, counsel for appellee have accurately stated the law in these concise propositions:

"A promise made upon several considerations, one of which is unlawful, either at common law or by statute, is void. The illegality of one of the considerations taints the whole contract, both parties are in pari delicto, and our courts will not compel either party to perform the contract or award damages to either party for the breach thereof."

"The rule that plaintiff can recover if he can make out his case without proving, as part of his cause of action, the illegality of his contract, does not apply to contracts which, like those involved here, are executory and not executed."

In support of the first proposition, see Edwards County v. Jennings, 89 Texas, 620; Reed v. Brewer, 90 Texas, 148; Beadles v. McElrath, 3 S. W. Rep., 152; Irwin v. Williar 110 U. S., 511; and in support of the second, see Floyd v. Patterson, 72 Texas, 206; Oliphant v. Markham, 79 Texas, 547; Beer v. Landman, 88 Texas, 453.

The defendants also claim damages by reason of the levy of an attachment, and the plaintiff assigns error upon certain rulings made during the trial in reference to that branch of the case. However, when the case was submitted to the jury that question was specifically withdrawn from their consideration by the charge of the court, and if any errors had previously been committed in reference thereto, they were rendered harmless by the charge referred to.

No grounds for reversal have been pointed out, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.