## Jo. Morehead v. O. F. Hering.

### Decided February 10, 1909.

#### 1.—Deed—Consideration—Parol Evidence.

The rule that it is permissible to show by parol evidence the consideration of a deed differing from that appearing in the instrument applies to proof of a parol agreement that the vendor of land for a recited consideration of cash and notes secured by vendor's lien was to have possession free of rent for the remainder of the current crop year.

#### 2.—Evidence—Admissions.

Proof that plaintiff in a former suit over other matters had testified to facts supporting defendant's contention in the case at bar was properly received as the admission of a party.

Appeal from the County Court of McLennan County. Tried below before E. C. Street, Esq., Special Judge.

*D. A. Kelly,* for appellant.—The parties having embodied the terms of their agreement in writing, neither can, in an action between themselves, in the absence of allegations setting up fraud, accident or mistake, give oral testimony that they did not mean what the written conveyance legally implies, whereby the land was sold by defendant to plaintiff with no reservation as to possession, rents, etc. Floyd v.

Brawner, 1 App. C. C., sec. 135; Roundtree v. Gilroy, 57 Texas, 176; Belcher v. Mulhall, 57 Texas, 17; Bruner v. Strong, 61 Texas, 555; Bedwell v. Thompson, 25 Texas Sup., 245; Wright v. Hays, 34 Texas, 253; Saunders v. Brock, 30 Texas, 421; Reid v. Allen, 18 Texas, 241; Rockmore v. Davenport, 14 Texas, 602; Waco Water Co. v. Sanford, 1 App. C. C., sec. 196.

*Sleeper, Boynton & Kendall,* for appellee.—It is competent to show by parol evidence, though not so expressed in the deed, that at and before the execution of a deed to land, and as part consideration therefor, the grantor and grantee agreed that the grantee should remain in possession of the land until January 1, 1908, free of rent and with the right to all crops growing or grown thereon up to said date. 1st Devlin on Deeds, 311; 2d Devlin on Deeds, 716; Hamilton v. Clark, 26 S. W., 515; Bank v. Aull, 80 Mo., 199.

KEY, ASSOCIATE JUSTICE.—This case is a suit for rent, and at the trial in the court below verdict and judgment went for the defendant, and the plaintiff has appealed. On April 13, 1907, the plaintiff purchased from the defendant a farm for a consideration of $2,000 paid in cash and a note, secured by vendor's lien, for $7,780, payable January 1, 1908. The defendant at the time executed to the plaintiff a warranty deed in the usual form, conveying the land to the plaintiff, but retaining a vendor's lien to secure the purchase-money note for $7,780. At that time the defendant had a crop growing on the farm, and he remained in possession until the end of the year and cultivated and harvested the crop, and, for that reason, the plaintiff claims that the defendant is liable to him for the rent of the farm for 1907. There was a prior written contract of sale which stipulated that possession of the house was to be delivered August 1st, but made no other reference to possession.

The defendant pleaded and introduced testimony sufficient to prove a verbal agreement with the plaintiff, made prior to the execution of the deed, but as part of the consideration for the sale, that the defendant should remain in possession of all of the farm, free of rent, up to the first day of January, 1908, except the house situated thereon, possession of which was to be delivered to the plaintiff August 1, 1907.

Appellant contends that appellee had no right to plead and prove the verbal agreement referred to, the contention being that it varies and limits the effect of the contract of sale and the deed made by appellee conveying the land to appellant. We overrule that contention and deem it unnecessary to cite authorities in support of the well-settled proposition that it is permissible to show upon what consideration a deed is made, although the deed may on its face not disclose such consideration. The authorities show that the rule referred to has application to such cases as the one in hand. (1 Devlin on Deeds, 311; 2 Devlin on Deeds, 716; Hamilton v. Clark, 26 S. W., 515; Aull Saving Bank v. Aull, 80 Mo., 199.) We see no reason why a written contract of sale should prevent the application of the rule referred to.

We also hold that no error was committed in permitting the ap-

pellee to prove that appellant had previously brought a suit seeking to recover interest on the $2,000 cash payment of purchase money, and had testified in the trial of that case that it was understood between them that appellee was to have possession of the farm until January 1, 1908. That testimony tended to prove that appellant had admitted the existence of the verbal agreement pleaded by appellee.

No error has been shown and the judgment is affirmed.

*Affirmed.*