## HOBART MFG. CO. v. JOYCE & MITCHELL et al.   (No. 11916.)

Court of Civil Appeals of Texas. Fort Worth. Feb. 18, 1928.

Rehearing Denied March 17, 1928.

1. **Chattel mortgages** ⬥153—Judgment for mortgage foreclosure could not be disturbed on appeal because not including personal judgment against defendants who claimed to be innocent purchasers and record did not show mortgage was recorded.

In suit to hold liable purchasers of bakery machinery on theory that plaintiff held a mortgage on it at time of purchase, *held*, on appeal, that judgment ordering foreclosure of mortgage, but denying personal judgment against purchasers, could not be disturbed where they had pleaded that they were innocent purchasers for value without notice of a lien, and the record did not show that the chattel mortgage was actually of record.

2. **Fraudulent conveyances** ⬥182(2)—Purchaser under Bulk Sales Law, failing to comply therewith, becomes liable, not to exceed value of property purchased (Rev. St. 1925, art. 4001).

Under Rev. St. 1925, art. 4001, known as the "Bulk Sales Law," a purchaser who fails to comply therewith becomes liable, not to exceed value of property purchased by him.

3. **Fraudulent conveyances** ⬥317—Court may order sale of property purchased in violation of Bulk Sales Law, where purchaser still has it (Rev. St. 1925, art. 4001).

Under Bulk Sales Law (Rev. St. 1925, art. 4001), the court may order sale of any property received by a purchaser by virtue of a transfer in violation of such law, where property remains in purchaser's possession.

4. **Fraudulent conveyances** ⬥47—Bulk Sales Law held not applicable to purchase of bakery fixtures and baking ingredients (Rev. St. 1925, art. 4001).

In creditor's suit pursuant to the Bulk Sales Law, Rev. St. 1925, art. 4001, against purchasers of bakery from his debtor because Bulk Sales Law had not been complied with, *held*, that such law was not applicable to the case; baking ingredients not being merchandise, and law not applying to sale of fixtures only.

5. **Fraudulent conveyances** ⬥47—Bulk Sales Law does not prohibit transfer of fixtures apart from stock of merchandise (Rev. St. 1925, art. 4001).

Bulk Sales Law (Rev. St. 1925, art. 4001) does not prohibit the transfer of fixtures apart from the stock of merchandise.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Appeal and error ⚖==931 (3)—Court of Civil Appeals must, on appeal, where cause was tried before court without jury, ascribe to trial court a finding supporting judgment, where evidence was conflicting.**

Where cause is tried before the court without the intervention of a jury, it is Court of Civil Appeals' duty, on appeal, to ascribe to trial court a finding supporting the judgment below where evidence was conflicting; there being evidence in the record to do so.

**7. Fraudulent conveyances ⚖==47—Materials and ingredients used by baker in manufacture of wares held not to constitute "merchandise" (Rev. St. 1925, art. 4001).**

Materials and ingredients used by baker in manufacture of his wares *held* not to constitute "merchandise," within meaning of the Bulk Sales Law (Rev. St. 1925, art. 4001); "merchandise" being anything movable customarily bought and sold for profit (citing Words and Phrases, Second Series, "Merchandise").

**8. Fraudulent conveyances ⚖==5—Bulk Sales Law is to be strictly construed (Rev. St. 1925, art. 4001).**

The Bulk Sales Law (Rev. St. 1925, art. 4001), being in derogation of the common law and of the right to alienate property without restriction, is, in view of Rev. St. 1925, art. 4000, to be strictly construed and is not to be extended by construction to situations not clearly intended thereby.

**9. Appeal and error ⚖==1071 (1)—In suit to collect debt from purchasers of mortgaged property, trial court's failure to file fact findings and conclusions on request held not ground for reversal, where record showed injury could not have been sustained thereby.**

In suit to collect debt from purchasers of mortgaged property, wherein personal judgment was denied, trial court's failure to file findings of fact and conclusions of law, on request, *held* not ground for reversal, where record showed that no injury could have been sustained thereby as uncontradicted evidence showed purchasers did not know of mortgage and evidence did not show mortgage was of record.

Appeal from Young County Court; W. F. Parsley, Judge.

Suit by the Hobart Manufacturing Company against Joyce & Mitchell, a partnership, and others. From the judgment, plaintiff appeals. Affirmed.

McFarlane & McFarlane, of Graham, for appellant.

W. L. Scott, of Olney, for appellees.

BUCK, J. The Hobart Manufacturing Company, Incorporated, whose principal place of business is alleged to be at Troy, Ohio, sued Joyce & Mitchell, a partnership composed of T. R. Joyce and T. S. Mitchell, and William Jennings, alleged to reside in Young county, and J. G. Groves, alleged at the time of the suit to reside in Garza county. For cause of suit they alleged: That on April 30, 1924, plaintiff and the Olney Steam Bakery, J. G.

Groves owner, entered into a written contract, whereby the plaintiffs sold to the Olney Steam Bakery, or Groves, a cake mixer, for the sum of $375. That Groves paid $37.50 cash, which, upon default in the payment of the balance of the purchase price, was to be retained by the vendor as liquidated damages for the use of said mixer. Plaintiff alleged that the contract and chattel mortgage was filed in the chattel mortgage records of Young county. It was further alleged that J. G. Groves sold some interest in the bakery to William Jennings, and he was made a party, but upon hearing it appeared that Jennings was not liable as a partner, and was dismissed from the suit. It was further alleged that subsequently Groves sold the bakery, together with all merchandise and fixtures, to Joyce & Mitchell, and that the mixer was included in the sale. It was alleged that said Groves and Joyce & Mitchell did not comply with article 4001 of the 1925 Revised Civil Statutes, known as the "Bulk Sales Law." It was further alleged that the defendant Joyce & Mitchell mixed and mingled said stock of merchandise and fixtures with their own goods so that the same could not be identified except as to the mixer above specified, but that the stock of merchandise and fixtures bought by defendant Joyce & Mitchell from J. G. Groves was of far greater value than the amount of plaintiff's debt or the debts due by the said J. G. Groves, or by Groves and Jennings, and the defendant Joyce & Mitchell had sold and converted said merchandise to their own use. Plaintiff prayed that the defendants be cited to appear and that defendant Joyce & Mitchell be required to file an invoice of the merchandise and fixtures bought by them from the Olney Steam Bakery showing the value of the merchandise and fixtures and of the price paid by the purchasers, and that plaintiff have judgment against defendants for the amount of their debt and interest and attorney's fees, and for costs of suit.

A judgment by default was taken against J. G. Groves. The defendant Joyce & Mitchell filed an answer, consisting of a general demurrer, and by way of special answer and cross-petition they alleged that they bought no merchandise from said Groves but merely bought said machinery and fixtures, and, if there is and was such chattel mortgage as described in plaintiff's second amended petition, and even if same was of record, that said Groves and Jennings represented and warranted to these defendants, in writing, that the mixer in question mentioned in plaintiff's second amended petition was free from any and all liens, all claims for debt of any kind, and that said defendants paid to said Groves the full fair market value thereof, to wit, the sum of $325, for the said mixer, and in good faith and without notice purchased the same. Wherefore, premises considered, these de-

⚖==For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendants prayed that the plaintiff take nothing as against them personally, or by reason of said asserted chattel mortgage lien.

Judgment was rendered for plaintiffs by default against J. G. Groves, and judgment was awarded plaintiff against all the defendants for a foreclosure of the chattel mortgage lien, the court finding that said mixer was in the possession of Joyce & Mitchell, and they were ordered to turn said property over to the officers, pursuant to this order. Failing therein, they are to pay the amount of this judgment. From this judgment the plaintiff has appealed.

### Opinion.

[1] The statement of facts fails to show that the chattel mortgage upon which plaintiff sued and sought and secured a foreclosure is of record in Young county. Therefore, by reason of this failure to show that the chattel mortgage was of record, and by reason of the plea of the defendant Joyce & Mitchell that they had no notice of such record, and by virtue of their pleading that no judgment could be rendered against them personally, because they were innocent purchasers for value without notice of any lien, the judgment rendered cannot be disturbed. The appellant relies upon the failure of the Olney Steam Bakery, which will hereinafter be designated by the name of its owner, J. G. Groves, and the defendant Joyce & Mitchell's failure to comply with the Bulk Sales Law, which reads as follows:

"The sale or transfer in bulk of any part or the whole of a stock of merchandise, or merchandise and fixtures pertaining to the conducting of said business otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller or transferor, shall be void as against the creditors of the seller or transferor, unless the purchaser or transferee demand and receive from the transferor a written list of names and addresses of the creditors of the seller or transferor with the amount of the indebtedness due or owing to each and certified by the seller or transferor under oath to be a full, accurate and complete list of his creditors, and of his indebtedness; and unless the purchaser or transferee shall at least ten days before taking possession of such merchandise or merchandise and fixtures, or paying therefor, notify personally or by registered mail each creditor whose name and address is stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof. Any purchaser or transferee who shall not conform to the provisions of this law shall, upon application of any of the creditors of the seller or transferor become a receiver, and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer."

[2, 3] We doubt if sufficient application was made by plaintiff to hold the purchaser, to wit, Joyce & Mitchell, liable as a receiver or trustee. In Gardner v. Goodner Wholesale Gro. Co., 113 Tex. 423, 256 S. W. 911, by the Commission of Appeals (Opinion by the Court of Civil Appeals being in 247 S. W. 291), it was held that a formal application to a court of competent jurisdiction must be made, and that the allegations in said application must contain a recitation of the material facts sufficient to invoke the equitable powers of the court, and to apprize it that a receivership and adjudication of the matter is desired as between the purchaser and the various creditors, in accordance with the rules usually governing in an ordinary receivership proceeding. The purchaser under the Bulk Sales Law who fails to comply therewith becomes liable, not to exceed the value of the property so purchased. If any property received by the purchaser by virtue of the transfer remains in his possession, the court would be authorized to order its sale. The court should then give notice to all creditors to file and prove their claims, as in an ordinary receivership proceeding, barring such claims as might not be filed within a given time. After ascertaining the full amount of the indebtedness due the creditors of the seller and the per cent. each was entitled to, the court should order payment of all creditors pro rata from such funds as might be within the custody of the court, or, in case of wrongful conversion, render such a personal judgment against the purchaser as the rights of the parties and all the circumstances of the case required.

[4] But if mistaken as to the sufficiency of the application, as shown in the petition, we think judgment must be affirmed, because the Bulk Sales Law is not applicable to this case. The evidence shows in the instant case that Joyce & Mitchell paid $4,000 for the bakery and its fixtures, including, as claimed by plaintiff, some flour, lard, and other ingredients to be used in the production of bread, cakes, and other commodities sold by the bakery. The testimony of Joyce was to the effect that in the purchase they received no flour, sugar, lard, and other baking ingredients, and that they had to go and purchase a supply the next morning after the sale was completed; that Grove's men used all of the ingredients they had on hand the night before the transfer was finally consummated, and that Groves was to receive the benefit of the next morning's delivery in order to collect their accounts. O. B. Holes, witness for plaintiff, testified that he worked for Groves during the time he owned the bakery and continued working for Joyce & Mitchell. He testified:

"At the time the change was made in ownership I went right on to work. I found some of the same material in the shop, flour, extracts, sugar, malt, lard compound, paper bags, and material of all kinds that was there before the sale. I remember the barrel of lard compound was about three-fourths full; it would weigh full about 400 pounds. I would judge it was

there on one just like it and just about as full. There were about six sacks of flour the night before the sale, the same number were there the next night, I couldn't say it was the same flour; it might have been changed, but it looked the same. There was a half sack of sugar the night before the sale, what looked like the same sack was there the next night and about as full. I could not say it was the same sugar, but it was the same amount. Joyce & Mitchell had a restaurant in the same room we occupied, on the other side in front; everything seemed to be transferred just as it was before the sale and went right on."

[5, 6] It is only as to whether any of the materials or ingredients for operating the bakery were included in the sale that any material conflict existed between the testimony adduced by plaintiff and defendants. The Bulk Sales Law only affects "a sale of transfer in bulk of any part or whole of a stock of merchandise, or merchandise and fixtures pertaining to the conduct of said business, otherwise than in the ordinary course of trade." Apparently it does not prohibit the transfer of the fixtures apart from the stock of merchandise. In re Gary (D. C.) 281 F. 218; In re Griffen (D. C.) 289 F. 140; Krower v. Martin (Tex. Civ. App.) 184 S. W. 511. Since there is a conflict upon this issue alone, and the cause being tried before the court, without the intervention of a jury, it would be our duty to ascribe to the court a finding supporting the judgment below, there being evidence in the record to do so. But a complaint is made that the trial court failed to file findings of fact and conclusions of law.

[7] We are of the opinion that the materials and ingredients used by a baker in the manufacture of his wares do not constitute "merchandise," as used in the Bulk Sales Law. Such wares were not to be sold in their then condition, but were to be converted into manufactured articles before they were subject to sale. Article 4001, supra, prohibits the sale, without compliance with this act, in bulk, of any part or the whole of a stock of merchandise, or merchandise and fixtures pertinent to the conducting of said business, otherwise than in the ordinary course of trade and in the regular prosecution of the business of the seller or transferor. As before stated, it does not prohibit the sale or transfer of the fixtures alone. Webster's Unabridged Dictionary defines "merchandise" as:

"The objects of commerce; whatever is usually bought or sold in trade, or market, or by merchants, wares, goods, commodities."

2 Bouv. Law Dict. p. 2195, defines "merchandise" as follows:

"A term including all those things which merchants sell, either wholesale or retail: As, dry goods, hardware, groceries, drugs, etc. * * * It may be and often is used as the synonym of 'goods,' 'wares' and 'commodities.' If used in an insurance policy to describe the goods of a merchant it may very properly be limited to goods intended for sale. If used for the same purpose to describe the goods of a painter, it may be held to cover property intended for use, and not for sale."

In 3 Words & Phrases, Second Series, p. 371, "merchandise" is defined as:

"Anything movable, customarily bought and sold for profit."

We do not think that it could be reasonably claimed that a livery stable keeper, or one who dealt in live stock and had on hand hay, corn, and other things which the animals kept used as food, should be held subject to the Bulk Sales Law if he disposed of such foodstuffs without compliance with the law, or that the purchaser could be held personally liable. Nor do we think that one who purchases leather or other material from a dealer in saddles and harness could be held liable under the Bulk Sales Law. See Peter Escalle v. Mark, 43 Nev. 172, 183 P. 387, 5 A. L. R. 1512, and notes thereunder; Smith and Dent v. Boyer and Johnson, 119 S. C. 176, 112 S. E. 71, 41 A. L. R. 1466; Off v. Morehead, 235 Ill. 40, 85 N. E. 264, 20 L. R. A. (N. S.) 167, 126 Am. St. Rep. 184, 14 Ann. Cas. 434; Conn. Steam Brown Stone Co. v. Lewis, 86 Conn. 386, 85 A. 534, 45 L. R. A. (N. S.) 495, a case in point; 27 Corpus Juris, under head of "Fraudulent Conveyances," p. 878 et seq.

[8] The Bulk Sales Law is "in derogation of the common law, and of the right to alienate property without restriction." Therefore it is to be strictly construed and is not to be extended by construction to situations not clearly intended thereby. 27 Corpus Juris, 875, § 883.

Article 4000, Rev. Civ. Statutes 1925, provides:

"Every mortgage, deed of trust or other form of lien attempted to be given by the owner of any stock of goods, wares or merchandise daily exposed to sale, in parcels, in the regular course of business of such merchandise, and contemplating a continuance of the possession of said goods and control of said business, by sale of said goods by said owner, shall be deemed fraudulent and void."

It is because of this statute and the evident reasons supporting the same that the law was enacted. The Bulk Sales Law was passed primarily to protect the wholesaler or general creditors of merchants. Under the above statute a chattel mortgage or lien cannot be fixed on goods or chattels daily exposed for sale. The statute under discussion is penal in its character, and for that reason should be strictly construed.

[9] In G. H. & S. A. Ry. Co. v. Stewart and Threadgill, 257 S. W. 526, by the Commission of Appeals, it is held that the failure of the trial court, on request, to file written findings of fact and conclusions of law requires a reversal unless the statement of facts or some

other part of the record shows that no injury could have been sustained. Inasmuch as the evidence in the case fails to show that the chattel mortgage was of record in Young county, and the uncontradicted evidence shows that Joyce & Mitchell did not know of the existence of any chattel mortgage or other lien on the mixer in question, and inasmuch as the court rendered a judgment of foreclosure against all parties defendant, we are of the opinion that the failure of the trial court to file findings of fact and conclusions of law could not affect any rights of the plaintiff below involved in the suit for foreclosure. The plaintiff, in our opinion, secured in his judgment all the relief to which he was entitled. Hence we conclude that appellant here was not injured by reason of the failure of the court to file findings of fact and conclusions of law.

The judgment is affirmed.