# DAGGETT v. WOLFF.
## No. 12552.

Court of Civil Appeals of Texas. Fort Worth.
Oct. 24, 1931.

Rehearing Denied Nov. 28, 1931.

Bryan, Stone, Wade & Agerton, of Ft. Worth, for plaintiff in error.

Harry K. Brown and Alva W. Bounds, both of Ft. Worth, for defendant in error.

BUCK, J.

This cause orginated in the justice court, precinct No. 1, Tarrant county. From a judgment in favor of plaintiff, appellant appealed to the county court. In the latter court, it appeared that plaintiff sued for a debt of $115.64. Plaintiff, Fred Wolff, pleaded that he and B. A. Aaron were in partnership conducting a café at 312 East Fifteenth street in Fort Worth, and on May, 1929, said partners had an accounting and Wolff agreed to sell out his partnership interest to Aaron, and that as a part of that agreement Aaron promised to pay individually for merchandise separately purchased by the café business from Wolff's meat market; that it was mutually understood and agreed that said amount of $89.49 was due and owing by Aaron to Wolff at that time, and that Aaron would pay Wolff that amount; that subsequently, on June 17, 1929, the defendant, Merrell Daggett, took Aaron's place of business over, took charge and control of all of the assets of said café business, including fixtures and accounts receivable, and continued to operate the business until June 20, 1929; that on June 17, 1929, on which said date the defendant Daggett took over the café business from Aaron, Daggett went to Wolff's place of business and told Wolff that he had taken over the café business, and he would pay its outstanding obligations; that the defendant Daggett then and there asked Wolff what balance was due by the café to the plaintiff, and Wolff advised him the amount of $115.64 was due and owing by the café business to Wolff's meat market; that the defendant Daggett then and there promised Wolff to pay him said amount; that the defendant Daggett has failed and refused to pay said amount of money which is now due and owing.

Plaintiff further·pleaded that at the time Daggett took over said café together with all its assets, that he, Daggett, failed to notify the plaintiff Wolff, other than as plead-

ed above, and that except for the promise made above wholly failed to comply with the provisions of the Bulk Sales Law; that by reason of defendant's failure to comply with said law, he is now liable for the amount of money due by said café business to plaintiff Wolff.

Defendant Daggett replied by lengthy pleadings, consisting of a general demurrer and various special exceptions, some of which will be noted later. Attached to defendant's answer was the following exhibit:

"State of Texas, County of Tarrant

"Know all men by these presents:

"That I, B. A. Aaron, of Fort Worth, Texas, in consideration of the cancellation and surrender to me by Merrell Daggett of six Twenty-five ($25) Dollar promissory notes of April 6, 1929, executed by Fred Wolff and payable to the order of J. F. Starnes, in one, two, three, four, five and six months after date, respectively, secured by a first chattel mortgage lien on the hereinafter described property, and likewise the surrender and cancellation by Merrell Daggett of my Four Hundred Fifty ($450) Dollar promissory note to him of May 21, 1929, due on or before six months after date, secured by a chattel mortgage creating a second lien on the hereinafter described property, the market value of which is less than the aggregate of principal and interest due on said notes, have bargained, granted, sold and conveyed, and do by these presents bargain, grant, sell and convey unto Merrell Daggett, of Fort Worth, Texas, that certain restaurant known as Como Café located at No. 312 East Fifteenth Street in the City of Fort Worth, Texas, including all chairs, stools, counters, dishes, stoves, tables, cooking utensils, floor covering, lamps, fans, supplies on hand, accounts receivable, ·and all other items of furniture, fixtures and other property, whether herein specifically mentioned or not, now used or intended for use in connection with the ownership and operation of said Como Café; and I bind myself, my heirs, executors and administrators to warrant and forever defend the title to said property and every item thereof unto said Merrell Daggett, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness my hand at Fort Worth, Texas, this the 17th day of June, A. D. 1929.

"[Signed] B. A. Aaron.

"[Signed] C. V. Smith, Witness."

On October 9, 1930, plaintiff filed his supplemental petition, in which he pleaded, in answer to defendant's original answer, that as a part of the consideration for the execution of the bill of sale referred to in defendant's pleadings, wherein the defendant bought from the said Aaron said restaurant, it was

agreed and understood that the defendant would and did assume any and all outstanding indebtedness owing by the said Aaron which had been theretofore contracted by him in the prosecution of the business of said restaurant; and in the alternative plaintiff says that said agreement on the part of the defendant to assume said indebtedness was separate and apart from any bill of sale, and that the same constituted a contract based upon a valid consideration independent of any written contract executed either at the time defendant took over the business of the said Aaron or prior or subsequent thereto.

Defendant filed a supplemental answer, consisting principally of exceptions, which may be noted later.

On October 17, 1930, the cause came on for trial before the court, without the intervention of a jury, and the court rendered judgment for plaintiff Fred Wolff against the defendant Merrell Daggett in the sum of $125.77, with interest thereon at the rate of 6 per cent. per annum, and costs of suit. From this judgment, the defendant has appealed to this court.

### Opinion.

The evidence shows that during the spring of 1929, B. A. Aaron and the plaintiff were engaged in the restaurant business at 312 East Fifteenth street, which they had bought in May. On the 21st day of May, 1929, the defendant came to Aaron and offered him the money to buy out Mr. Wolff's interest. On that date, May 21st, Mr. Wolff and Aaron had an accounting, and it was agreed that Aaron owed Wolff the sum of $89.15. With the money furnished by Daggett, Aaron was to pay Wolff the amount he had against the café. The café had been furnished meats and supplies from Mr. Wolff's meat market, and it owed Wolff the amount stated. The evidence further shows that Daggett was not present when Aaron agreed to pay Wolff the $89.15. The evidence shows that Aaron operated the café until June 17, 1929, and that he purchased meats from Wolff's market in the sum of $25 and some few cents. That about the middle of June, Daggett came back to the kitchen of the café and told Aaron that he would have to take the place over. Aaron testified that Daggett said: "I am going to take this place over—pay the bills and take this place over." Aaron replied: "All right. I have got, I don't know how much it is, right around three hundred dollars worth of meal tickets out. I'll give you that to help pay the bills with."

Daggett took the meal tickets and helped pay the bills with them; that Daggett took the place over; and that Aaron went to work for him and worked until Monday or Tuesday morning, when the place was closed. That on June 17th the sum of $115.64 was owing from the café business to Wolff; that in the café

there were fans, tables, chairs, counters, dishes, and some supplies, groceries, meats, etc.

As will be noted from what we have stated heretofore, the plaintiff relied on defendant's failure to notify plaintiff and to require Aaron to give him a written list of the names and addresses of the creditors of Aaron and the amounts of the indebtedness due or owing to each, certified to by the seller or transferor under oath to be a full, accurate, and complete list of his creditors and indebtedness, and otherwise complied with the provisions of article 4001, Rev. Civ. Statutes, known as the Bulk Sales Law.

■■ We conclude that the sale of the café does not come within the provisions of the Bulk Sales Law. In Hobart Mfg. Co. v. Joyce & Mitchell, 4 S.W.(2d) 185, this court held that materials and ingredients used by a baker in the manufacture of his wares would not constitute merchandise, within the meaning of the Bulk Sales Law. We do not think that the meats and flour and other ingredients used by a café proprietor to furnish meals to his trade are merchandise, as used in the Bulk Sales Law, under the holding of Hobart Mfg. Co. v. Joyce & Mitchell, supra. This case has been cited with approval in Cornish v. Nance Motor Co. (Tex. Civ. App.) 13 S.W.(2d) 139, and in Industrial Acceptance Corp. v. Corey (Tex. Civ. App.) 19 S.W.(2d) 365, affirmed by the Supreme Court 29 S.W.(2d) 978, and the holding therein cited with approval in Axtell Co. v. Word (Tex. Civ. App.) 29 S.W.(2d) 421.

Then is plaintiff entitled to judgment by proof of the allegation that defendant went to his place of business and told plaintiff that he had taken over the café business and would pay its outstanding obligations, and that Wolff told him that there was owing to him $115.64 by the café, or Aaron, and that the defendant promised to pay that amount to him, Wolff?

The contract or bill of sale by Aaron to defendant provides that in consideration of the cancellation and surrender to Aaron by Daggett of six $25 promissory notes of April 6, 1929, executed by Fred Wolff and payable to the order of J. F. Starnes in one, two, three, four, five, and six months after date, secured by a first chattel mortgage lien on the chairs, stoves, counters, dishes, etc., of the Como Café, and the surrender and cancellation by defendant of a $450 promissory note to him, dated May 21, 1929, due on or before six months after date, secured by a second chattel mortgage lien on the above-described property, binds Aaron and his heirs, assigns, executors, etc., to warrant and forever defend the property unto the said Merrell Daggett, his heirs, assigns, etc.

■■ The real question, as contended by appellant, is whether appellee was entitled

to introduce evidence of the promise by Daggett to him to pay this debt owing him by the prior café management in face of the written bill of sale? It is a general rule that written instruments cannot be altered, varied, and contradicted by parol, but an exception to that rule exists in many cases; the exception being that parol evidence as to the real consideration can be introduced where the statement of the consideration was a mere recital, rather than contractual on the part of the purchaser.

We have reached the conclusion that the recital as to consideration amounts to no more than a recited monetary consideration. The bill of sale contains no mutual covenants between the parties in so far as consideration is concerned. The one party does not agree to perform any duties or services in consideration of a promise on the part of the other party. The contract is wholly executed. Nothing is left for either of the parties to do or perform.

In Delano v. Delano (Tex. Civ. App.) 203 S. W. 1145, 1147, writ of error refused, it was sought by parol testimony to show that the consideration for the deed was another and different consideration from that expressed therein. To such testimony it was objected that it was an attempt to vary the terms of a written instrument by parol testimony, and in that connection it was urged that the consideration recited was contractual in its nature. The court admitted the proffered testimony over the objection of the opposing party, and, in discussing the assignment directed to this admission, the court said: "We have very carefully considered the question raised by these assignments, and have reached the conclusion that the Court of Civil Appeals for the Third District was correct in holding that the recitation as to consideration contained in the deed in question was not one of a contractual nature, and that it was permissible to prove by parol the real intention and purpose of the parties to said deed."

In International Land Co. v. Parmer, 58 Tex. Civ. App. 70, 123 S. W. 196, 197, it is said: "The plea merely adds an additional consideration to the written instrument. It does not contradict any of its terms, or provide for anything inconsistent with what is expressly stipulated. * * * Nor do the recitals relating to the consideration coming from the appellees indicate that as to that subject the matter was entirely contractual and intended to embrace all that was agreed to. * * * In our opinion this subject falls within that class of cases cited which admit parol evidence to establish an additional consideration."

See Morehead v. Hering, 53 Tex. Civ. App. 605, 116 S. W. 164; Sanger v. Miller, 26 Tex. Civ. App. 111, 62 S. W. 425, writ refused;

Alston v. Pierson, 158 S. W. 1165, by this court. We conclude that it was admissible to show by parol testimony the additional consideration moving from the defendant below, appellant here, to Aaron in the settlement of their differences, and that this additional consideration involved the payment of the amount claimed by appellee to be due.

Proposition No. 5 complains of the failure of the trial court, when the defendant was being examined by his attorney, to allow the defendant to answer this question: "Did you at any time tell Mr. Wolff that you would pay his bill and all other accounts outstanding against Mr. Aaron?"

It is asserted in the bill of exception that the witness would have answered this question, "No." The objection to the question was that it was leading. It will be remembered that theretofore Mr. Wolff had been interrogated about what he claimed had been the promise of defendant to pay him the amount due his market by Aaron. We think this question was not subject to the objection made, and that the answer thereto was admissible. It is true that the testimony sought to be elicited was indirectly brought out in the examination of defendant Daggett. Daggett testified: "When I bought that place over I did not agree to pay all outstanding accounts that were outstanding against Mr. Aaron in connection with his running the place. I don't think I had any conversation with Mr. Wolff in regard to any account he had against Mr. Aaron. I do not think I had any conversation with him before I took hold of the place—did not have any conversation with him before June 17, 1929, in regard to Mr. Aaron's account. I had a conversation with Mr. Wolff after June 17, 1929, in regard to the account. They rendered a bill against me."

Ordinarily, the exclusion of testimony is not held reversible error where substantially the same testimony is otherwise admitted. Couts v. Neer, 70 Tex. 468. But here the very question was asked the witness concerning which the plaintiff below had testified fully, and, if it had been answered as indicated, there could have been no doubt as to the defendant's testimony upon the matter whether or not the conversation had occurred immediately prior to the trade between the defendant and the plaintiff in which he had promised the plaintiff to pay his bill and all other accounts outstanding against Aaron. While the same strictness is not observed as to the failure to admit testimony in a trial before the court where other testimony pertaining to the same facts is admitted, yet where it reasonably appears that by the action of the trial court sustaining the objection to the admission of the testimony the defendant was deprived of the testimony directly contradicting the testimony of the

plaintiff upon a material point, we think the error is presumed to have been harmful. Evidence is admissible tending to contradict the testimony already admitted by the witnesses of the other side. Fordyce v. Moore (Tex. Civ. App.) 22 S. W. 235.

 Moreover, we are of the opinion that that part of the testimony in which appellee stated that Aaron had told appellee that appellant had agreed to pay appellee's debt against Aaron was hearsay, and should not have been admitted.

For the reasons stated, the judgment of the trial court is reversed, and the cause is remanded for another trial not inconsistent with what we have said in this opinion.