### SORIA v. AMERICAN NAT. INS. CO.
### No. 1324.

Court of Civil Appeals of Texas. Waco.

Feb. 16, 1933.

Wm. E. Calvert and Chas. J. Lieck, both of San Antonio, for appellant.

E. B. Simmons, of San Antonio, for appellee.

STANFORD, Justice.

This suit was filed on the 7th of August, 1931, by Guadalupe Soria as plaintiff against the American National Insurance Company as defendant. Plaintiff alleged that on the 21st of July, 1913, in consideration of certain premiums, the defendant delivered to Secundeno Quintero a policy of insurance on the life of Ambracio Quintero, her brother, and thereby insured the said Ambracio Quintero in the sum of $344. She further alleged a change in beneficiaries from Secundeno Quintero to Crescencia Quintero on or about May 13, 1921, and thereafter a change of beneficiaries was had from the said Crescencia Quintero to the plaintiff herein. Plaintiff further alleged that the assured left San Antonio, and had not been heard of since the month of April, 1923; that all of the conditions of the policy had been complied with; and that demand had been made for the payment of same, including the statutory penalties and $150 attorney's fees. Judgment was sought by plaintiff against defendant upon the ground that the assured disappeared from his last known domicile, and had not been heard from for seven years successively, and had been absent and his whereabouts unknown for more than seven years.

The case was tried on the 16th of December, 1931. The court submitted the case on special issues, the first being as follows: "Do you find from the preponderance of the evidence that the said Ambracio Quintero disappeared from his last known domicile and has not been heard from for seven years successively?" To which the jury answered: "No." This issue having been answered in the negative, it was unnecessary for any others to be answered. Upon this finding by the jury in favor of the defendant insurance company, the court entered judgment for defendant. Motion for new trial was filed, presented, and overruled. Notice of appeal was given, and said cause has been duly appealed.

Appellant filed assignments of error and bills of exceptions, and presents the record here for review. Appellant's first and second assignments will be considered together.

The first assignment shows that the defendant introduced as one of its witnesses, Del Lester, who testified, in substance, that he made a trip to Columbia, Tex., in an effort to locate the insured, Ambracio Quintero, and, after he had further testified, that the plaintiff gave him pictures of the said Ambracio Quintero, and that he took said pictures with him to Columbia, Tex., and there displayed the same to a number of people around Columbia, Tex., the defendant's counsel was permitted, on direct examination, over plaintiff's objection, to elicit from said witness the testimony hereinafter set out. It was admitted, for the purpose of this bill of exception, that the time to which the evidence referred was a time subsequent to the filing of this suit, and that the plaintiff was not present nor did she ever make a trip to Columbia; and in the presence and hearing of the jury defendant's said attorney propounded to the witness the following question: "Q. Did you find any people—don't say what anybody said—did you find any people who recognized that picture? A. I found some that said his face was familiar to them."

Said question and answer thereto and said testimony was objected to by plaintiff and requested stricken at the time. The objections made were as follows, to wit: "(a) Because said testimony is hearsay, is self-serving, is irrelevant and immaterial and prejudicial to plaintiff's rights, and is an attempt to introduce evidence by hearsay, of some person unknown to the plaintiff and without giving the plaintiff an opportunity to cross examine said person or persons, and the jury should be instructed not to consider the same."

The court overruled said objection, to which ruling the plaintiff then and there in open court excepted. The court qualified this bill of exceptions as follows: "Prior to the propounding of the question referred to in the foregoing bill of exception, the witness Del Lester was instructed by the court that he might testify as to what he had done in his efforts to locate the insured, but was instructed, in the presence and hearing of the jury, that he should not testify as to what others had said to him out of the presence and hearing of the plaintiff, and that the jury should not consider the testimony except as to what he, the witness, had done, and not what anyone may have said concerning the matter, which instruction was given several times during the trial, not only while the witness Lester was upon the stand, but while other witnesses were testifying, and the court is of the opinion the jury fully understood the instructions given."

Under appellant's second assignment and bill of exception No. 2, it is shown the same witness, Del Lester, testified as above, and that, in the presence and hearing of the jury, the defendant was permitted to elicit evidence to the effect "that he, the witness, had seen a number of people around Columbia who, upon being shown the pictures (which he claims the plaintiff gave him), told him that they recognized the man, and that a man answering the description of the one in the pictures had been around there some three years prior to his visit," to all of which testimony the plaintiff objected at the time same was given, and said testimony was requested by plaintiff stricken. The objection to said evidence was about the same as the objections made under the first bill of exception. The court also qualified this bill of exception practically the same as he did the first bill. Evidently the witness, Del Lester, paid no attention to the instructions of the court.

■ From the foregoing statement it is shown that the witness was permitted to testify to transactions and conversation he had with some people around Columbia, Tex., at a time when the plaintiff was not present. This evidence was purely hearsay evidence, and was, we think, erroneously admitted. It is thought that the questions involved in the two assignments above were very material. The point under investigation, and on which a recovery was sought in favor of plaintiff or the defendant, was whether or not the whereabouts of her brother was unknown, and had been so unknown for seven years. If he had disappeared from his domicile and had not been heard from, and his whereabouts unknown for seven years, then under the law he was presumed to be dead. If the witness, Lester, had procured the attendance of the said witnesses at Columbia, Tex., or elsewhere, and taken their depositions as the law provides, then he might have had some evidence, but for Mr. Lester to take supposed pictures of the assured out to Columbia, Tex., and exhibit same to various people, and then return and go upon the witness stand and testify what said proposed witnesses said, is to make a case based solely on hearsay evidence. The effect of said evidence would have been to get before the jury statements not sworn to and based wholly upon hearsay. In other words, the effect of the evidence would have been to establish by hearsay evidence and by conclusions of the witnesses, in the absence of the plaintiff, that her brother was alive, although there was no sworn evidence showing the same. We think it was a very material point in the case. In fact, the evidence bearing upon the question as to whether or not the assured was alive or had died was the very gist of the issue and only issue in this case. The plaintiff's cause of action was asserted under the seven years' absence rule, raising a presumption of death. The testimony shows that she had not known her brother Ambracio's whereabouts, nor had she

seen him since the month of April, 1923; that attempts had been made by her to locate him, but with no avail; that he always wrote.

■ It is true also that conversations between a witness and a third party, in the absence of the opposite party to the suit, have been repeatedly condemned by our courts. Jung v. Harris (Tex. Civ. App.) 281 S. W. 335; Daggett v. Wolff (Tex. Civ. App.) 44 S.W.(2d) 1063; Dial v. Martin (Tex. Civ. App.) 37 S.W. (2d) 166 (pt. 48); Tucker v. Hamlin, 60 Tex. 171, 176; Texas & P. Ry. v. Felker (Tex. Civ. App.) 99 S. W. 439, 441; Panhandle & S. F. Ry. v. Curtis (Tex. Civ. App.) 190 S. W. 837. It has been held that hearsay evidence alone, admitted without objection, will not support a verdict or a finding of a material fact, Texas Midland Ry. Co. v. Cummer Mfg. Co. (Tex. Civ. App.) 207 S. W. 617; Johnson v. Gattegno (Tex. Civ. App.) 267 S. W. 740; and that incompetent evidence is not to be considered in determining the sufficiency of evidence, Cosden Oil Co. v. Sides (Tex. Civ. App.) 35 S.W.(2d) 815; Dallas Ry. & Terminal Co. v. Bankston (Tex. Com. App.) 51 S.W.(2d) 304, 309. Evidence as to the result of inquiries made by a witness in the counties where a certain person once lived and was last heard of, with reference to whether he was dead, etc., has been held inadmissible as hearsay. Wells v. Margraves (Tex. Civ. App.) 164 S. W. 881.

The only evidence in the record to support the negative answer to question No. 1 of the court's charge is the hearsay evidence above referred to, and, with this hearsay evidence eliminated, there is no evidence to support the finding of the jury. The case of Johnson v. Gattegno (Tex. Civ. App.) 267 S. W. 740, 743, referring to hearsay evidence, quoting from another authority, states: "Such incompetent testimony can never form the basis of a finding of facts in an appellate court, notwithstanding its presence in the record without objection," etc.; and again quoting from Southern Surety Co. v. Nalle & Co. (Tex. Com. App.) 242 S. W. 197: "Evidence in itself wholly incompetent, and therefore without probative force, gains no vitality because admitted without objection. It will not support a verdict by a jury or a finding of fact by a court." See, also, Texas Midland Ry. Co. v. Cummer Mfg. Co. (Tex. Civ. App.) 207 S. W. 617, where it was held: "Hearsay testimony unsupported, is insufficient to establish an essential fact." If the hearsay testimony in this case is taken away, there is absolutely no evidence supporting the negative answer of the jury in the first issue of the court's charge.

■ In conclusion, it is thought that the verdict of the jury in this case was obtained solely by reason of the erroneous admission of this hearsay evidence, and therefore it cannot be said that no harm resulted from its er-

roneous admission, so we think clearly the errors here referred to require a reversal of this case.

The judgment of the trial court is reversed, and the cause remanded.